CALDWELL & SHELTON *v.* W. J. TUTT.

LIEN. *Livery stable keeper.* A livery stable keeper does not lose his lien upon a horse for board by permitting the owner to ride the horse occasionally, and his lien is superior to the lien of an execution levied upon the horse while temporarily in the owner's possession.

FROM MONTGOMERY.

Appeal in error from the Circuit Court of Montgomery county. Jo. C. STARK, J.

DANIELS & GOODPASTURE for Caldwell & Shelton.

W. A. QUARLES for Tutt.

FREEMAN, J., delivered the opinion of the court.

This case is as follows: Plaintiffs are livery stable keepers in the city of Clarksville. Mr. Mumford had placed his horse in the stable to be kept by the owners of the stable. He was in the habit of taking

Caldwell & Shelton *v.* Tutt.

said horse from the stable occasionally for a ride, by and with the consent of the keepers of the stable. While riding him on one of these occasions, the horse was levied on by defendant, a constable, by virtue of an execution against the owner.

The question submitted to the court was, whether the livery stable keepers, whose bill for board of the horse was unpaid, had a lien on the horse for its payment, or the execution levy was superior to it? The circuit judge decided in favor of the defendant, and that on these facts no lien existed at the time of the levy, from which there is an appeal in error to this court.

The case turns mainly on sections 1993 *a* and 1993 *c* of the Code. The first provides: " Whenever any horse or other animal is received to pasture for a consideration, the former shall have a lien upon the animal for his proper charges, the same as the inn-keeper's lien at common law." The latter section is: "Livery stable keepers shall be entitled to the same lien provided for in section 1 of this act, on all stock received by them for board and feed, until all reasonable charges are paid."

The question then is, would an inn-keeper be entitled to his lien under the facts in this case? for the livery stable keeper has such a lien as the inn-keeper, until all reasonable charges are paid. The nature of of the business, and necessary implications arising from the character of the undertaking or contract is to be taken into consideration, in arriving at the proper result.

The right of the inn-keeper is to detain or hold the horse till the price of his provender is paid: 3 Parsons, 249. Mr. Parsons adds: "What shows the spirit and principle of the rule, if he permit his guest or horse to depart on credit, he loses his lien, and can never arrest it after for that debt if the guest come again."

Take the nature of this contract, and its surroundings, and apply this rule in its spirit, and we have the solution of the question.

The party puts his horse to board at a livery stable in his own town. He, as owner, takes his horse out. temporarily for a ride, it may be of a morning or an evening for exercising himself or horse, or both. The inn-keeper permits this—as was fairly implied in the nature of the contract. It certainly cannot be maintained, that he thereby intends to permit the party to depart with the horse, and credit him for the board; on the contrary, it is well understood that the possession will in a short time be restored. The horse is not intended to be allowed to depart from his custody so as to end the bailment, but only a temporary user of the owner to be allowed. In a word, neither party thought of terminating the contract—or of the one taking and the other yielding possession, so as to give an individual credit alone for the board, and release thereby the lien of the livery man.

This being the fair meaning of the contract, and of the acts of the parties, it would seem unquestionable, that as against Mumford, the livery keeper would have still retained his lien, and if so his creditor

must take his shoes, and can only take his property *cum onere,* as the owner himself held it at the time of seizure. It would have been a fraud on the part of Mumford, had he assented to what had been done, terminated the bailment, and released the lien. His creditor can stand no higher.